[No. A023574. First Dist., Div. One. Feb. 8, 1985.]

KATHLEEN M. LYNCH et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD,
UNITED STATES FIDELITY & GUARANTY COMPANY et al.,
Respondents.

COUNSEL

William L. Veen, John A. Peak and David M. Darby for Petitioners.

Joseph J. D'Andre, Kevan Shetler and Robert Succa for Respondents.

OPINION

NEWSOM, J.—Petitioner Kathleen M. Lynch sought and obtained from this court a writ of review for the purpose of reviewing respondent Workers' Compensation Appeals Board's calculation of death benefits in the instant case. She seeks annulment of the board's findings and award relative to herself and recalculation of her death benefits.

Petitioner and her husband, Richard W. Lynch (decedent) were married in 1948. They had four children: Kathleen, Patricia, Theresa and Eileen. Decedent worked as an electrician from 1946 to 1978. This included employment with real party in interest Collins Electric Company beginning in the third quarter of 1967 extending through the third quarter of 1968, and again during a second quarter of 1969. Petitioner worked at Emporium-Capwells. Sometime in 1978, decedent fell terminally ill due to lung cancer. The last day he worked was July 20, 1978. He died February 24, 1979.

On December 13, 1979, petitioner and her two daughters who were living at home at the time of decedent's death (Theresa and Eileen) filed an "Application for Adjudication of Claim" against Red Top Electric Company and Collins Electric Company with respondent Workers' Compensation Appeals Board (WCAB), claiming that decedent's cancer was caused by an inhalation of asbestos fibers while working for said employers. On May 19, 1983, the WCAB issued the following findings: (1) that decedent's death was proximately caused by exposure to asbestos dust while working; (2) that the "responsible period" of employment exposure as limited and imposed by the provisions of Labor Code section 5500.5 is the three-year period beginning July 28, 1965 through July 27, 1968, during employment by Collins Electric Company; (3) that an award would issue against Collins' insurer, United States Fidelity & Guaranty Company; (4) that at the time of his death, decedent left surviving and partially dependent upon him petitioner and daughter Eileen, but not daughter Theresa—who was not receiving support from deceased on the date of injury; and (5) that decedent was contributing $5,462 annually toward the support of petitioner and $3,600 annually toward the support of Eileen. Based on these findings, the WCAB awarded death benefits to the parties in the sum of $21,850 to petitioner and $14,400 to Eileen.

On June 10, 1983, petitioner filed with the WCAB a "Petition for Reconsideration" of the matter claiming that respondent board had miscalculated said benefits as to her. On July 11, 1983, the WCAB denied petitioner reconsideration and on July 29, 1983, petitioner filed a petition with this court for a writ of review, which was granted on December 23, 1983.

Petitioner contends that respondent board computed her death benefits incorrectly. Under Labor Code section 4702, subdivision (d), death benefits to partial dependents (including working spouses) are to be computed on the basis of "four times the amount annually devoted to the support of the partial dependents" with a maximum award set at $50,000 for injuries occurring before January 1, 1983. At the hearing below, petitioner provided evidence of "the amount annually devoted to [her] support" which established the following: that prior to his death, both decedent and petitioner

worked, decedent earning $16,925 in 1977, petitioner earning $10,117 the same year; that decedent regularly turned his paycheck over to petitioner who deposited it; that but for some "personal consumption" expenditures, decedent's income was used for family expenses; that said personal consumption expenditures consisted of: (1) decedent's transportation costs to and from work (approximately $125 monthly), (2) decedent's purchase of lunch while at work (approximately $50 monthly), and (3) decedent's purchase and maintenance of clothes for work (approximately $25 monthly); that daughter Theresa who was employed at the time, moved back home in July 1978, upon learning of her father's illness and thereafter received from her parents free room and board (valued at approximately $200 monthly) and transportation costs (approximately $100 monthly) up to the time of her father's death; and that daughter Eileen who was also employed and who continuously lived at home received from her parents free room and board (valued again at approximately $200 monthly) and transportation costs (approximately $100 monthly) up to the time of her father's death.

Based on this evidence, the WCAB judge determined that both petitioner and daughter Eileen had been partially dependent upon decedent. He awarded death benefits to Eileen in the sum of $14,400 based on decedent's annual contributions to Eileen of approximately $3,600 (i.e., free room and board valued at approximately $200 monthly, plus transportation costs valued at approximately $100 monthly) multiplied by four as provided by section 4702, subdivision (d). And to petitioner he awarded death benefits in the sum of $21,850, which he computed by first deducting from decedent's salary of $16,925 a total of $6,000 in annual expenses deemed unrelated to petitioner's support,[1] then dividing the remainder ($10,925) in half ($5,462) as a way of approximating the "actual amount" of decedent's earnings annually devoted to petitioner's support, and multiplying that figure by four again as provided by statute.

 In her petition for writ of review, petitioner claims that the trial judge should have used the $10,925 figure and not $5,462 as the basis for computing her benefits under the statute. The WCAB, on the other hand, maintaining that petitioner failed to meet the section 4702, subdivision (d), burden of establishing the annual amount devoted to her support, upheld the trial judge's method of computation as a means of resolving the case.

On a review of the present record, we conclude that the trial judge and the board misapplied the pertinent law. Accordingly, we

---

[1] I.e., the $3,600 in contributions to Eileen and the $2,400 in decedent's "personal consumption" expenditures.

annul the board's findings and award relative to petitioner and remand the case for further proceedings consistent with this opinion.[2]

In *Atlantic Richfield Co.* v. *Workers' Comp. Appeals Bd.* (1982) 31 Cal.3d 715 [182 Cal.Rptr. 778, 644 P.2d 1257], our Supreme Court grappled with the issue of determining partial dependency death benefits for surviving spouses under Labor Code section 4702, subdivision (d), and, after rejecting the approach used by the WCAB in that case,[3] prescribed an approach of its own, saying: "Given the relevant legislative framework, we conclude that the approach which is most consistent with our [*Arp v. Worker's Comp. Appeals Bd.*, 19 Cal.3d 395 (138 Cal.Rptr. 293, 563 P.2d 849)] analysis and the liberal construction of the payment of benefits mandated by the Legislature (§ 3202) is one which considers the actual amount which the deceased spouse devoted to the community and to the surviving spouse. . . . [¶] Commencing with the entire earnings of the decedent, the computation of allowances for actual support should include those fixed expenses which are an integral and reasonable part of the standard of living enjoyed by the community. By way of illustration, we note that expenses incurred for indebtedness and maintenance of the community residence or transportation expenses for the benefit of the community and the spouse may readily be recognized as 'actual support' to the survivor. Food, clothing, or incidental expenses incurred for the decedent's own personal use, however, cannot reasonably be considered as part of 'the amount annually devoted to the support of the partial dependent.' " (*Id.*, at p. 722.) The court added that the surviving spouse had the burden of establishing the actual "amount annually devoted to" his or her support from the earnings of the decedent. "Expenses related to the standard of living of the community are relevant. Expenses which are personal to the decedent are not." (*Id.*, at p. 723.)

Thus, in *Atlantic Richfield Co.*, *supra*, the court prescribes a method for computing a surviving spouse's benefits under section 4702, subdivision (d). According to that method, the deceased spouse's earnings should be broken down into two parts: (1) that part devoted to maintaining the standard of living of the community and the support of the surviving spouse; and (2) that part devoted to decedent's "personal use." Those amounts represented in the first category make up the "actual" amount annually devoted to the support of the surviving spouse for purposes of section 4702,

---

[2]Generally, where the issue decided is one of law rather than fact, the rule of conclusiveness of the board's findings does not apply, and the award may be annulled for an erroneous determination. (2 Witkin, Summary of Cal. Law (8th ed. 1973) Workmen's Compensation, § 286, p. 1085.)

[3]The approach used by the WCAB was the one which had been adopted by the board en banc in *Oropeza* v. *Newman Seed Company* (1980) 45 Cal.Comp.Cases 1148. Partial dependency death benefits were based on the deceased spouse's total earnings.

subdivision (d), while the amount represented in the second category is left out of the equation.

The court makes clear that any monies spent for the "benefit" of the community are not a personal use expense. Hence, the "personal use" apportionment in most cases will be negligible, since most married couples' expenditures will be primarily related to the benefit of the community. However, we believe that in the majority of cases there will be *some* personal use finding, however minimal, since in most marriages spouses periodically step outside the "boundaries" of the community and spend money on themselves, as for example, in the form of recreational food and drink, clothing and transportation.

In the instant case, it is apparent that respondent Board misinterpreted the *Atlantic Richfield Co.* v. *Workers' Comp. Appeals Bd.* formula for determining "personal use" expenditures. (31 Cal.3d 715.) Such expenditures will not include food, clothing and transportation costs related to decedent's employment, because such expenditures—like the employment itself—are for the "benefit" of the community. Nor should they include that portion of decedent's earnings devoted to his own support because such expenditures are also for the "benefit" of the community and an inseparable part of the community's standard of living.

The order or award is annulled and the matter remanded for proceedings consonant with this opinion, including but not limited to the taking of further evidence concerning decedent's personal use expenses, if any.

Racanelli, P. J., concurred.

**HOLMDAHL, J.**—I respectfully dissent.

The majority opinion necessarily implies conclusions that petitioner has failed to meet her burden of proof and also that the trial judge substituted an arbitrary method of computing the death benefit.

The case is, therefore, remanded so petitioner may have a second chance to provide sufficient proof that she is entitled to a larger partial dependency death benefit. A failure of proof usually results in a "take nothing" award or, if the proof is partial and incomplete (as here), in a lesser award (as here). The majority opinion cites no authority for the principle that any party who, perhaps, could have or should have offered more and better evidence should have a second chance so to do. I am aware of no such authority. The majority opinion does not appear to be limited to applicants based upon the "liberal construction" principle. Even if so limited, the

holding represents a significant change in existing law. The invitation is now out to any applicant in the future, even though competently represented,[1] to seek a new hearing and a higher award if the WCAB judge, doing the best he can with the evidence submitted to him, issues an award less than the applicant thinks he might receive at a later hearing. Presumably an employer or its carrier can seek a similar, second hearing in order to offer more evidence, if it thinks a lower award might result. The majority opinion necessarily implies that, to avoid reversal, the WCAB judge must assume the role and duty of instructing at least the applicant and his attorney as to what the applicant's burden is and to direct him to present evidence accordingly. I perceive no rational basis for creation of such a requirement.

The majority opinion also revises the guidelines set forth in *Atlantic Richfield Co.* v. *Workers' Comp. Appeals Bd.* (1982) 31 Cal.3d 715, 722 [182 Cal.Rptr. 778, 644 P.2d 1257], with the result that a decedent's personal expenses are substantially constricted and his "community" expenditures commensurately enlarged in determination of the death benefit.

Thus, while *Atlantic Richfield* expressly held that a partial dependent's support "cannot reasonably" include the decedent's food or clothing for his "own personal use" (*id.,* at p. 722), the majority opinion expands the "community" contribution by excluding only "recreational food and drink, clothing and transportation." All other such expenditures, apparently, become "community" expenditures.

Under its standard, the majority opinion quite accurately concludes that the "personal use" apportionment in most cases will be negligible inasmuch as "in the majority of cases" any "personal use finding" will be "minimal," and only occasionally will there be some expenditures outside the community.

The resulting rule so constricts the *Atlantic Richfield* formula as almost to rescind it. That decision, in effect, had nullified the WCAB determination that a decedent's entire earnings should be used as the measure of dependency when both spouses were employed. In the present case, the majority opinion *almost* revives that WCAB determination. Left of the *Atlantic Richfield* formula, "in the majority of cases," are only occasional "personal" expenditures, which are likely to be "negligible" and "minimal."

Finally, while the method applied by the WCAB judge and the WCAB somewhat resembles the one rejected by *Atlantic Richfield,* there is a sig-

---

[1]No one has questioned the competency of petitioner's attorney, who is the same on appeal as in the material proceedings before the WCAB.

nificant difference. There, the method criticized simply divided the decedent's income in half, multiplied by four to produce the benefit, and disregarded which expenditures were for the survivor, for the "community," or for decedent personally. Here, by contrast, the WCAB judge and the WCAB first deducted decedent's contributions to the spouses' daughter and his "personal consumption" expenditures and then—after having been provided with no additional evidence as to use of the remainder of decedent's income—allocated one-half of that remainder to the support of his widow.

The resulting award was, therefore, fully individualized as to petitioner, based upon the evidence she submitted. "The major difficulty" in *Atlantic Richfield* (*id.*, at p. 721) was taken into account and the effect of that difficulty ameliorated by the WCAB to the maximum extent permitted by that evidence.

I would affirm the award.

The petition of respondent United States Fidelity & Guaranty Company for a hearing by the Supreme Court was denied April 25, 1985.